## NECESSITY OF CHARGING CRIME IN THE LANGUAGE OF THE STATUTE OR ITS EQUIVALENT.

Circuit Court of Hamilton County.

JOHN L. OREBAUGH v. STATE OF OHIO.

Decided, March 6, 1909.

*Criminal Law—Indictment for Embezzlement—Variance Between Charge and Proof—As to the Capacity in which Defendant Acted —Fraudulent Conversion by Attorney—Section 6842.*

Where an indictment charges embezzlement as agent, but the proof is to the effect that the defendant was employed by the prosecuting witness as her attorney, and in that capacity received the money which he fraudulently converted to his own use, it is error to

overrule a motion for an instructed verdict finding the defendant not guilty on the ground of variance.

*Ulrich Sloane* and *Otto Krippendorf,* for plaintiff in error. *Arthur C. Fricke* and *Coleman Avery,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiff in error was indicted under Section 6842, Revised Statutes, for embezzlement as agent, whereas the proof showed his employment as attorney at law, and the receipt of the money in that capacity. A motion was made at the conclusion of the evidence to instruct the jury to return a verdict for the accused on the ground of such variance.

In charging an offense in an indictment, the language of the statute defining the crime or its equivalent, which plainly and necessarily includes it, must be used, and it has accordingly been held in *Hagar* v. *State,* 35 O. S., 268:

"An indictment charging that the prisoner broke into a *storeroom,* is insufficient under a statute making it an offense to break into a 'storehouse,' and the defect is available to him, although the objection was not made until the verdict had been rendered."

An attorney at law is not necessarily an agent within the ordinary meaning of the term, and the distinction is shown by McIlvaine, J., in *Campbell* v. *State,* 35 O. S., 70, at 75:

"The controlling difference between the relation of attorneys. auctioneers, warehousemen, etc., with their employers, and the defendant with the employer, is this: the former engaged in an independent employment, subject only to the usages of their different line of business, while the latter was subject to the direction and control of his employer. And while the former may not be subject to the penalties of this statute, the latter is clearly embraced within its terms and meaning."

In that case the defendant was charged as agent with embezzlement under a statute that did not include attorney at law. but which was so amended in 1881 (78 O. L., 186).

The Supreme Court having recognized the distinction between an agent and an attorney at law under a statute defining embezzlement, and the Legislature having since amended the stat-

ute so as to make it an offense for an attorney at law to convert to his own use anything of value which shall come into his possession by virtue of his employment as such attorney at law, the decisions in other states are not controlling, and especially when they are far from uniform.

The statute now includes guardian, executor, administrator and assignee in insolvency, all of whom act in a representative capacity, yet it will hardly be claimed that proof of conversion of money in either capacity will sustain an indictment for such conversion as agent. The capacity in which the money or other thing of value is received and appropriated is of the essence of the offense, which must be proved as charged in the indictment, and the defendant is not required to meet a different charge although, if properly laid, constituting an offense under the statute. We are of opinion that the variance between the statement in the indictment and the evidence offered in the proof thereof was material to the merits of the case and prejudicial to the defendant. That the decision of the trial judge upon this question may be reversed if erroneous is expressly held in *State* v. *Buechler*, 57 O. S., 95.

Judgment reversed and prisoner discharged.